UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMA VAGLARSKI,<br><br>　　　　Petitioner,<br><br>　v.<br><br>LORETTA LYNCH, U.S. Attorney General, and BENJAMIN WAGNER, U.S. Attorney for the Eastern District of California,<br><br>　　　　Respondents. | No. 2:15-cv-01987-MCE-KJN<br><br>**MEMORANDUM AND ORDER** |

Petitioner Toma Vaglarski seeks to withdraw his 2013 guilty plea and vacate his conviction through the present petition for writ of error coram nobis.[1] Petitioner alleges he did not validly waive his rights before entering the guilty plea because he was not informed of those rights by this Court. For the reasons set forth below, the writ is DENIED.

///

///

///

///

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

## BACKGROUND

Petitioner Vaglarski was pulled over for a broken taillight while driving in Shasta Trinity National Forest on August 22, 2013. He was found to have 247 grams of marijuana, 507 grams of concentrated cannabis, and under $3,000 in cash. He also provided the officer with his state-issued medical marijuana exemption card. On November 5, 2013, he pleaded guilty and was convicted of possession of a controlled substance under 8 USC § 844.

Petitioner alleges he: (1) was not advised of the immigration consequences of his guilty plea; (2) does not recall being asked to waive his right to counsel; and (3) was not asked to waive his right to trial, to confront his accusers, to cross-examine witnesses, and "other constitutional rights."

There is no extant record of the November 5, 2013 plea colloquy.

## STANDARD

The writ of coram nobis allows a court to vacate its judgment for errors of fact that are so fundamental in character as to render the proceeding invalid. Hirabayashi v. U.S., 828 F.2d 591, 604 (9th Cir. 1987) (citing United States v. Mayer, 235 U.S. 55, 69 (1914)). To qualify for coram nobis relief, the burden falls on the petitioner to show: "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character." Id.

Upon entering a guilty plea, a defendant "waives several constitutional rights, including his privilege against compulsory self-incrimination, his right to trial by jury, and his right to confront his accusers. For this waiver to be valid under the Due Process Clause, it must be 'an intentional relinquishment or abandonment of a known right or

privilege.'" McCarthy v. U.S., 394 U.S. 459, 466 (1969) (quoting Johnson v. Zerbst, 304 U.S. 458, 464 (1938)).  Where, as here, the attack on the final judgment is collateral, the petitioner has the burden of proving his waiver of rights was not knowing and intentional.  Parke v. Raley 506 U.S. 20, 31 (1992); Iowa v. Tovar 541 U.S. 77, 92 (2004) ("[I]n a collateral attack on an uncounseled conviction, it is the defendant's burden to prove that he did not competently and intelligently waive his right to the assistance of counsel.").

**ANALYSIS**

Petitioner's difficult burden is made even more onerous because no record of the plea colloquy exists.  He contends that in light of a silent record, courts may not assume a defendant knowingly and competently waived his constitutional rights upon entering a guilty plea.  Boykin v. Alabama, 395 U.S. 238, 243 (1969).

However, the Supreme Court has distinguished Boykin, holding that its reasoning does not translate to cases of collateral attack.  Parke v. Raley, 506 U.S. 20, 30 (1992) ("On collateral review, we think it defies logic to presume from the mere unavailability of a transcript (assuming no allegation that the unavailability is due to governmental misconduct) that the defendant was not advised of his rights.").  The Ninth Circuit interpreted that case to create a presumption of regularity that a defendant intelligently and voluntarily entered a guilty plea when the record is silent or ambiguous.  U.S. v. Mulloy, 3 F.3d 1337, 1339 (9th Cir. 1993).

Respondents claim Petitioner cannot meet his burden of demonstrating fundamental error because he cannot show he was neither advised of nor waived his rights.  Indeed, Petitioner's declaration does not meet his burden of showing fundamental error.  U.S. v. Allen 153 F.3d 1037, 1041 (9th Cir. 1998) (citing Cuppett v. Duckworth 8 F.3d 1132, 1139 (7th Cir. 1993) (en banc) ("self-serving statements by a

///

defendant that his conviction was constitutionally infirm are insufficient to overcome the presumption of regularity . . . .")).

Petitioner's claim that Rule 11 obligated the Court to inform him of the immigration consequences of his guilty plea suffers from the additional failing that at the time of his plea, Rule 11 contained no such requirement. Rule 11(b)(1)(O) currently obligates district courts to inform defendants entering a guilty plea that there are potential immigration consequences. However, that amendment did not take effect until December 1, 2013, nearly one month after Petitioner entered his plea on November 5, 2013. Consequently, the Court was not obligated to inform Petitioner of potential immigration consequences to his guilty plea at that time. U.S. v. Delgado-Ramos, 635 F.3d 1237, 1239 (9th Cir. 2011).

With no evidence aside from Petitioner's declaration, he cannot overcome the presumption of regularity that attaches to a silent record upon collateral attack.

## CONCLUSION

For all the reasons set forth above, Petitioner's Petition for Writ of Error Coram Nobis (ECF No. 1) is DENIED.

Dated: June 29, 2017

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE